# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

TYRONE DOUGLAS CAROLINA,   :
    Plaintiff,       :
                 :          PRISONER
V.                   :    Case No. 3:12-cv-91 (VLB)
                 :
MIRNA HERNANDEZ,       :
    Defendant.     :

## INITIAL REVIEW ORDER

Plaintiff Tyrone Douglas Carolina, incarcerated and *pro se,* has filed a complaint under 42 U.S.C. § 1983 (2000), against defendant Nurse Mirna Hernandez. The plaintiff asserts a claim of deliberate indifference to his serious medical need.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). The court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to

relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)).

Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

(2009).  The plaintiff must plead "enough facts to state a claim to relief that is

plausible on its face."  *Twombly,* 550 U.S. at 570.  But "'[a] document filed *pro se*

is to be liberally construed and a *pro se* complaint, however inartfully pleaded,

must be held to less stringent standards than formal pleadings drafted by

lawyers.'"  *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson*

*v. Pardus*, 127 S. Ct. 2197, 2200 (2007)).

The plaintiff alleges that he has a heart problem that caused him to pass

out on July 20, 2011.  He was taken to the medical unit and revived with smelling

salts.  The plaintiff was charged with faking a medical condition.  Thereafter, the

defendant approved his confinement in segregation without checking his medical

file and verifying that he suffered from a heart condition.   On July 22, 2011, the

plaintiff was brought to the University of Connecticut Health Center Emergency

Room for treatment.

The plaintiff contends that the defendant was deliberately indifferent to his

serious medical need because she failed to check his medical file and verify his

heart condition before approving his transfer to segregation.  Deliberate

indifference by prison officials to a prisoner's serious medical need constitutes

cruel and unusual punishment in violation of the Eighth Amendment.  *Estelle v.*

*Gamble*, 429 U.S. 97, 104 (1976).  To prevail on such a claim, the plaintiff must

provide evidence of sufficiently harmful acts or omissions and intent to either

deny or unreasonably delay access to needed medical care or the wanton

infliction of unnecessary pain by prison personnel.  *Id.* at 104-06.

Because mere negligence will not support a section 1983 claim, not all lapses in prison medical care constitute a constitutional violation.  *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003).  The conduct complained of must "shock the conscience" or constitute a "barbarous act."  *McCloud v. Delaney*, 677 F. Supp. 230, 232 (S.D.N.Y. 1988).  Claims of misdiagnosis or faulty judgment may constitute malpractice but, without more to show deliberate indifference, are not cognizable under section 1983.  *See Torres v. Trombly*, 421 F. Supp. 2d 527, 531 (D. Conn. 2006).

The only allegation against the defendant is that she failed to review his medical file before stating that he could be held in segregation.  This action constitutes at most negligence.  Thus, the claim is not cognizable in this action.

### ORDERS

The Court enters the following orders:

(1)     The complaint is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1).

(2)     The Clerk is directed to enter judgment and close this case.

So ordered this 22nd day of February 2012, at Hartford, Connecticut.

_____/s/_____
Vanessa L. Bryant
United States District Judge